Eastern District of Kentucky
FILED
NOV 09 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 17-180-HRW

RANDALL JONES, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in February 2014, alleging disability beginning in November 2013, due to osteoarthritis, degenerative disc disease, coronary artery disease and borderline intellectual capacity. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maria Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony Michael, Jr., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 41 years old at the time he alleges he became disabled. He has a 8th grade education and has past relevant work experience as a prep cook and janitor.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis, degenweraqtrive3 disc disease, coronary artery disease, peripheral vascular disease and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of light work with additional limitations to standing and walking only 30 minutes at a time, limited climbing, limited exposure to environmental condition, simple instructions, and no reading.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services,* 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ concluded that Plaintiff did not require an ambulatory assistive device; (2) the ALJ did not consider Plaintiff's reported pain and (3) ALJ failed to considered the combined effect of Plaintiff's impairments.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ concluded that Plaintiff did not require an ambulatory assistive device. Specifically, Plaintiff argues that the ALJ erroneously determined that Plaintiff did not require a cane. Although not explicitly asserted, it appears Plaintiff believes his need of a cane should have been included in the RFC. Yet, there is no evidence in the record that he required a cane. Notably, no medical source prescribed or recommended a cane or other assistive device. Indeed, Plaintiff's pain management specialist, Su Gym Kim, M.D. frequently observed that Plaintiff walked without an assistive device (*see* Tr. 826, 848, 958, 1000, 1022). His treating physician, Nina Lum, M.D. likewise recorded normal gait without an assistive device (Tr. 776, 781, 785, 788), as Plaintiff's physical therapists (Tr. 718). Further, the ALJ recognized that Plaintiff frequently did not require one (Tr. 26 ("He does utilize a cane on

4

occasion but also presents on numerous occasions without the use of this device."), 32 ("While use of a cane is noted on occasion, there are numerous occasions when the claimant presented unassisted . . . .")).

Given this evidence, the ALJ reasonably declined to include the need for an assistive device in Plaintiff's. Moreover, the vocational expert testified that two of the four jobs he identified (and that the ALJ relied on) would be available even if the hypothetical individual required the use of a cane Thus, even if the ALJ should have included the need for a cane in Plaintiff's RFC, a significant number of jobs would remain, rendering any omission harmless.

Plaintiff's second claim of error is that the ALJ did not consider Plaintiff's reported pain.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to her allegations of disabling pain. (Tr. 22). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, the ALJ noted that Plaintiff's pain is well managed with adherence to the prescribed medications and treatment measures. (Tr. 32). T *See Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (unpublished) (the fact that the claimant's symptoms "often improved with medication and treatment" undercut the claimed severity of his symptoms).

Additionally, none of his treating medical providers opined that he had functional

5

limitation. Rather, the objective clinical findings include intact strength, normal muscle tone, and normal gait (Tr. 32-33; *see* Tr. 537 (intact motor strength), 579 (normal strength), 581 (normal muscle strength and tone), 743 (steady unassisted gait and full strength), 781 (normal posture and gait), 785 (normal posture and gait), 788 (normal posture and gait), 806 (normal strength), 848 (normal strength), 1001 (normal motor strength), 1023 (normal motor strength)).

Also, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a wide variety of household and other daily activities, such as cutting grass and walking at least one mile a day. (Tr. 568). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given this evidence, the Court finds no error in the ALJ's assessment of claimant's credibility. Indeed, the ALJ's finding is supported by substantial evidence on the record as a whole.

Finally, Plaintiff urges reversal because ALJ failed to considered the combined effect of Plaintiff's impairments. In this case, the ALJ specified he considered Plaintiff's impairments in combination at various stages in the evaluation and that she considered all symptoms in making her ultimate assessment. Such articulations have been found to be sufficient. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

6

record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9th day of November, 2018.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge